## DEAN *versus* HOOPER.

By the statute of 1821, ch. 51, the Court of Probate was empowered, through the agency of commissioners, to divide the estate of an intestate among his heirs at law.

If the estate were held as a tenancy in common with any other person, the commissioners were to be authorized to make partition between the heirs and such co-tenant.

To the validity of such a partition, as against the co-tenant, it was requisite that he should have had notice of the proceedings, *prior* to the decree of partition, in order that he might be heard for the protection of his rights.

The omission to give such notice, was not cured by the attendance of the co-tenant, before the commissioners, at the making of the partition.

WRIT OF ENTRY. Plea, that the tenant was seized in fee of an undivided half of a small lot numbered nine, of which the demanded premises are a part.

Lot numbered nine was owned in common by Obed Hooper and the tenant. On the death of Obed Hooper, commissioners were appointed by the Court of Probate to make division of his land among his heirs at law ; with direction, in their warrant, that if the estate or any part thereof lay in common and undivided with that of any other person or per-

sons, they should sever and divide the same from that of such co-tenants, giving them due notice.

According to their warrant, the commissioners made partition of lot numbered nine between the tenant and the heirs of Obed Hooper, having first notified the tenant to be present, and he attended. After making such partition, they assigned the demanded premises, being a part of No. nine, by metes and bounds, to Obed Hooper, the second, one of the sons of said Obed Hooper. The demanded premises are a part, by metes and bounds, of that part. The title, thus acquired by said Obed Hooper, the second, is now in the demandant.

The case was submitted to the court, with power to draw inferences of fact.

*Eastman*, for the demandant, contended that the partition, made by the commissioners, between the tenant and the heirs of Obed Hooper, was justified and valid in law.

The commissioners to make partition of Obed Hooper's estate, had authority to sever his interest from that of Daniel S. Hooper. See Provincial Law of 1760; appendix to Laws of Mass. vol. 2, p. 970; Laws of Mass. 1783, c. 36, § 11, vol. 1, p. 129; *Laws of Maine*, 1821, c. 51, § 32—3, p. 208.

*J. Shepley*, for the tenant.

The pretended partition, produced by the demandant at the trial, is illegal and void; and therefore the deed from Obed Hooper, the younger, under which the plaintiff claims, conveys nothing, as it respects the tenant.

1. There is no legal partition, because no proceedings whatever were had before the Probate Court, relative to the partition of the estate held in common by the heirs of Obed Hooper and Daniel S. Hooper. Stat. 1821, c. 51, § 32, 33; Rev. Stat. on same subject, c. 108, § 11, 12, 15, 16; State Const. Art. 1, § 20.

2. But if the commissioners, under such an authority only, have the power to decide what land is held by the heirs in common with others; and what proportion of it the heirs own; still they have not so discharged their duty, as to

Dean *v.* Hooper.

make a legal partition. It was requisite that such other co-tenants should have had notice of the proceedings prior to the decree of partition, in order that they might show what was their proportion of the land, and make objection to the persons proposed for commissioners to make the division. Acquiescence in an illegal division does not cure the difficulty. *Cogswell* v. *Reed,* 3 Fairf. 198.

SHEPLEY, C. J. — By a partition of the estate of Obed Emery, deceased, accepted in the Court of Probate, on April 22, 1806, a lot of land numbered nine was assigned to Sarah Hooper, who, on April 11, 1816, conveyed the same to Obed Hooper and Daniel S. Hooper.

It is admitted, that the premises demanded were included in that lot.

The demandant alleges, that a partition of that lot was legally made, when a partition of the estate of Obed Hooper, deceased, was made among his heirs at law, and accepted in the Probate Court on June 11, 1832.

The commissioners appointed to make partition of that estate were by their warrant authorized to divide any part of the estate of Obed Hooper, from that of any other person, with which it might lie in common, and they made return of a partition of lot numbered nine, and the premises demanded were assigned to one of the heirs of Obed Hooper.

The tenant in his brief statement alleges, that he is seized in fee of one undivided half of that lot.

It appears, that the tenant had received notice of the proceedings of the commissioners, and that he had been present, when partition of that lot was made by them. It does not appear, that he received any notice before the warrant was issued, that he might appear and make objection before the Probate Court to the proposed partition. On the contrary, it may be inferred, that he had no such notice, for the record states, that the several persons interested in the estate of the deceased had been notified, without stating that notice had been given to any other person.

The question, thus presented is, whether partition of an estate held in common between the heirs of one deceased and another person, made in a Probate Court having jurisdiction, can be legal and effectual without any notice given of the proposed proceedings, before the warrant issues.

The power to make such a partition appears to have been first conferred upon Courts of Probate, by the Provincial Statute of 1760, which provided " that before the order for such division issue, it be made appear to the respective Judges of Probate, that the several persons interested in such estate, if living within the Province, or the attorneys of such as are absent and have attorneys residing within this Province, have been duly notified of such petition, and have had opportunity to make their exceptions to the same." The same provision, without any important change of language, was re-enacted in the eleventh section of the act of March 9, 1784. On revision of the statutes, with some change of language, the provision was retained in the act of March 20, 1821, c. 51, § 33. After the word partition, which had been used in the act of 1784, instead of the word petition found in the provincial act, the following words were introduced into the act of 1821, " as the said Judge shall have ordered." These words would indicate that the notice required to be given, was that of a past transaction ; but this would be entirely inconsistent with the provision, that " it shall be made to appear to the said Judge of Probate that the several persons interested in such estate" " have had due notice of such partition" " before an order for such division shall issue" " and have had opportunity to make their objections to the same." The same section required, that guardians for minors, and some suitable person for others interested in the common estate and absent from the State, should be appointed by the Judge of Probate to act for them in the making of such partition, and those thus appointed to act for absent persons, were to be notified, that they might appear and make objections in the Probate Court, before an order for the division should issue. The section cannot receive such a construction, as would dispense with notice to all interested in

the common estate, that they might have opportunity to appear in the Probate Court, and to be heard there before an order for partition was issued.

A construction requiring such previous notice, receives support from the re-enactment of the same provisions in the Rev. Statutes of 1841, chap. 108, § 11 to 16, inclusive. In the latter section is declared, that "the court in such case shall order notice of the intended partition or assignment of dower to be given to the co-tenant," and provision is made, what information such notice shall contain.

It is not perceived how a partition conclusive upon the rights of a co-tenant, could be legally made without affording to him an opportunity to appear and to exhibit his title to any proportion of the estate held in common, before a partition of it was made.

The partition presented in this case, having been made by virtue of the statute of 1821, can only be conclusive according to its provisions ; and that statute does not make the proceedings conclusive or effectual, unless made after notice had been given, before the order for partition was issued.

If such must be the construction of the statute, it is insisted that the tenant has submitted to the partition, and has occupied the portion assigned to him, for a long time, without asserting any right as a tenant in common. So far as it respects the small tract demanded, there does not appear to have been a relinquishment of the entire possession. It was decided in the case of *Cogswell* v. *Reed*, 3 Fairf. 198, that a co-tenant would not be estopped to assert the tenancy in common by the occupation for a number of years of the share assigned to him by proceedings in partition, which were of no validity. If the proceedings in the Probate Court must be regarded as invalid, a tenant in common could be deprived of his rights only by proof of disseizin, continued for such length of time, as would preclude him from asserting them.

*Demandant nonsuit.*